CLARENCE C. TAYLOR, Appellee, *vs.* GEORGE H. FILLER, Appellant.

*Opinion filed October 28, 1925.*

1. MANDAMUS—*same rules of pleading apply as in other actions.* A proceeding for a writ of *mandamus* is an action at law and is governed by the same rules of pleading that are applicable to other actions at law.

2. SAME—*evidence should not be heard in support of a petition after election to stand by pleas.* It is an irregularity to hear evidence in support of a petition for *mandamus* after the defendant has elected to stand by his pleas, to which a general demurrer has been sustained.

3. SAME—*when appointment to office is not properly pleaded.* In a proceeding for *mandamus* to compel the payment of a certain per cent of a special assessment as compensation of the city attorney, the allegation in pleas to the petition that the attorney had been appointed for a fixed term of two years at a certain salary is a mere conclusion of the pleader which is not admitted by demurrer to the pleas, and in order to present the question whether

the attorney, before any change was made in the provision for his compensation, had been appointed for a definite term with a fixed salary, the defendant should plead the facts from which the legal conclusion may be drawn by the court.

4. SAME—*when constitutional question is not raised by pleadings.* In a proceeding to compel payment of a certain per cent of a special assessment as compensation of a city attorney, no constitutional question is raised by the filing of pleas alleging that the attorney had been appointed for a definite term and that any action to pay the compensation claimed would be contrary to section 11 of article 9 of the constitution, where a demurrer was properly sustained to the pleas because the allegation was a mere legal conclusion, no attempt was made to obtain a ruling on the question in the trial court and no error assigned which presents the question on review.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

HOVEY & ELY, for appellant.

JAMES J. BARBOUR, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment of the superior court of Cook county awarding a writ of *mandamus* against George H. Filler, clerk of the village of Brookfield, directing him to issue to appellee a voucher for legal services payable out of the first installment of a special assessment, if and when collected.

The petition filed by appellee averred that May 7, 1924, he was appointed village attorney by the president and board of trustees of the village of Brookfield to serve for an indefinite period; that two weeks later an ordinance defining the duties of village attorney and fixing his compensation was passed; that on November 5, 1924, the president and board of trustees passed a resolution repealing the ordinance fixing the salary of village attorney, and by said

resolution fixed the compensation of such attorney at three per cent of the total amount of assessments levied in local improvement cases, the salary to be paid by special assessment vouchers; that May 21, 1924, he filed in the county court a petition for confirmation of a special assessment and thereafter secured a judgment therefor in the sum of $279,569; that December 17, 1924, he presented to the president and board of trustees of the village, acting as a board of local improvements, his bill for services and that the board of local improvements allowed the bill; that upon the allowance of the bill it became and was the duty of appellant, the village clerk, to issue to appellee a special assessment voucher, but that appellant refused to perform his duty in that respect. Appellant filed a number of pleas to the petition, alleging, each in different language, that pursuant to an ordinance of the village appellee had been employed as village attorney at a fixed salary for a term of two years, and that he had entered upon the duties of village attorney and had accepted a part of the salary in accordance with the ordinance, and that the attempt to change the salary by resolution was void. Each of these pleas concludes to the country, but none of them traverse a single allegation of fact made in the petition. Appellee filed a general demurrer to the pleas, which was sustained, and appellant stood by his pleas. There was no demurrer to the petition nor was there a motion made to carry back to the petition the demurrer to the pleas. Over the objection of appellant the court heard evidence offered by appellee in support of his petition, and at the conclusion of this hearing a judgment was entered.

While a proceeding for writ of *mandamus* is an action at law and is governed by the same rules of pleading that are applicable to other actions at law, (*People* v. *Powell,* 274 Ill. 222,) we find many of the elementary principles of pleading and practice violated in this proceeding. It was, of course, an irregularity to hear evidence in support of

the petition after appellant elected to stand by his pleas, to which a general demurrer had been sustained. The allegation in the pleas that appellee had been appointed village attorney for the fixed term of two years is a mere conclusion of the pleader, (*People* v. *Village of Crotty,* 93 Ill. 180,) and being merely a conclusion it was not admitted by the demurrer. (*People* v. *Busse,* 248 Ill. 11.) In order to present the question whether appellee had before the attempted change in his compensation been appointed for a definite term of two years, appellant should have pleaded the facts from which the legal conclusion might be drawn by the court. *Stott* v. *City of Chicago,* 205 Ill. 281.

This appeal is prosecuted to this court on the theory that a question of the construction of the constitution is involved. The only attempt to raise this question by the pleadings is an allegation in the second additional plea that the action taken by the village board was an attempt to increase the compensation of appellee, contrary to section 11 of article 9 of the constitution. Since the demurrer was properly sustained to the pleas for the reason that the allegations were mere legal conclusions, it was not necessary for the trial court to consider or decide the constitutional question. There was no attempt to have a ruling on this question in the trial court, nor is any error assigned which presents the question here. The question of the sufficiency of the petition to sustain the judgment entered, and other questions presented on the record, are not of a character to give this court jurisdiction. This court is therefore without jurisdiction of the cause. *People* v. *Harrison,* 223 Ill. 540; *Masonic Fraternity Temple Ass'n* v. *City of Chicago,* 217 id. 58; *Griveau* v. *South Chicago City Railway Co.* 213 id. 633.

The cause is transferred to the Appellate Court for the First District.                    *Cause transferred.*