(No. 20930.—

W. Scott Osborne, Appellee, *vs.* Ralph F. Bradford, Director of the Department of Conservation, *et al.* Appellants.

*Opinion filed December 17, 1931.*

OSCAR E. CARLSTROM, Attorney General, and JOHN P. MADDEN, for appellants.

JOHN P. SNIGG, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellee, W. Scott Osborne, filed a petition for writ of *mandamus* in the circuit court of Sangamon county against appellants, the director of the Department of Conservation, the Civil Service Commission, the director of the Department of Finance, the Auditor of Public Accounts and the State Treasurer of the State of Illinois, to be reinstated in the position of investigator in the Department of Conservation and to recover the salary incident to that position. The demurrer of appellants to the original petition was sustained. Appellee filed an amended petition, to which appellants filed a general and a special demurrer, which were overruled. Appellants electing to stand by their demurrers, it was ordered that the writ of *mandamus* issue in accordance with the prayer of the petition, and appellants have appealed to this court.

The allegations of the amended petition are, in substance, the following: Appellee is fifty-one years of age, a resident, citizen and voter of the county of Marshall and State of Illinois, and has never been in default in any public office or in any manner become ineligible to hold public office, appointment or trust. On May 18, 1918, he passed an examination for the position of deputy game and fish warden of this State and his name was placed on the eligible register. On May 15, 1919, he was appointed

deputy game and fish warden of the State under the classified civil service and held that position until September 1, 1926, when he was appointed investigator in the Department of Conservation under the classification made by the Civil Service Commission. Since September 1, 1926, he has been an employee of the Department of Conservation as investigator under the provisions of the Civil Administrative Code and classified civil service of the State. On or about June 21, 1930, appellant Ralph F. Bradford, director of the Department of Conservation, wrongfully, unlawfully, without just cause, in violation of the Civil Service law, and for political reasons, only, discharged appellee by serving him with a statement in writing that he was discharged for unsatisfactory service, the discharge to be effective on June 30, 1930. The discharge notice is set out *in hæc verba.* A copy of the discharge notice was filed in the office of the Civil Service Commission. On July 1, 1930, appellee's name was wrongfully removed from the roll of employees of the Department of Conservation and the civil service commissioners wrongfully removed his name from the classified list of the State civil service. Since that date appellee has made repeated demand on Ralph F. Bradford, director as aforesaid, and the civil service commissioners, to place his name on the roll of employees of said department and on the classified civil service list and to reinstate him in the position of investigator, but they, and each of them, wrongfully refused to do so. During all the time he was in the employ of the State as investigator he faithfully performed all of his duties as such employee, and at all times since his wrongful discharge he has been able and willing to perform the duties of said position and has so notified the director of the Department of Conservation. Appellee was receiving $150 per month for his services as investigator, and the last salary received by him was for the month of June, 1930. He is entitled to be reinstated to the position of investigator and to re-

ceive his salary from July 1, 1930. The prayer is for a writ of *mandamus* directed to the director of the Department of Conservation and to the civil service commissioners commanding them to reinstate appellee on the roll of employees of said department and on the classified civil service list of the State, to certify his salary as investigator in said department to the director of finance, and also commanding said director to approve the pay-roll as to appellee, and the Auditor of Public Accounts to check and audit payment of salary to appellee and issue a warrant for such salary and the State Treasurer to sign the warrant and return it to the Auditor for delivery to appellee, and that appellants be required to do all such other and further things necessary and proper to reinstate appellee as investigator in the Department of Conservation and to provide him with the unpaid salary due and owing him.

The grounds of special demurrer to the petition are: (1) It is not alleged that appellee did, within five days after his removal or discharge, file with the Civil Service Commission a statement in writing alleging that his removal or discharge was made for political, racial or religious causes and that he believed that upon a hearing he would be able to establish such fact; and (2) the petition is defective in that it seeks to have appellee restored to his position and to compel payment of back salary to him.

A proceeding for a writ of *mandamus* is an action at law. The pleadings are governed by the same rules as apply to other actions at law and the petition is in the nature of a declaration. (*People* v. *Board of Review*, 329 Ill. 388; *People* v. *Lueders*, 287 id. 107.) The petition must set forth the material facts on which the petitioner relies, distinctly, clearly and specifically, so that they may be admitted or traversed, and the allegations of the petition must show a clear right on the part of the petitioner to have performed, and a duty on the part of the persons sought to be coerced to perform, the act or acts that it is

sought to have commanded. *People* v. *Town of Mount Morris,* 145 Ill. 427; *People* v. *Busse,* 247 id. 333; *Quernheim* v. *Asselmeier,* 296 id. 494; *Hooper* v. *Snow,* 325 id. 53.

Section 12 of "An act to regulate the civil service of the State of Illinois," as amended in 1917, (Laws of 1917, p. 289,) reads as follows:

"Sec. 12. No employee in the classified civil service of the State shall be removed, discharged or reduced in rank or pay by the appointing officer, except for just cause. The term 'just cause' as used in this section shall mean any cause which is detrimental to the public service other than political, racial or religious.

"In every case of removal, discharge or reduction, a statement of the cause therefor shall be set forth in writing, which statement shall be in duplicate, and shall be signed by the appointing officer. One copy of said statement shall be delivered personally to the employee and the other copy of said statement shall be filed in the office of the Civil Service Commission, with a notation thereon showing proof of service of a copy of said statement upon the employee. Upon the filing of a copy of said statement with the notation aforesaid, in the office of the Civil Service Commission, the removal, discharge or reduction shall immediately become effective.

"Whenever an employee who has been removed, discharged or reduced shall file with the Civil Service Commission, within five days after his removal, discharge or reduction, a statement in writing, alleging that his removal, discharge or reduction was made for political, racial or religious causes, and that he believes that upon a hearing he will be able to establish such a fact, it shall be the duty of the commission to order a hearing. The time and place of such hearing shall be fixed by the commission and due notice thereof given to the appointing officer and the employee.

"Upon such hearing the commission shall determine and decide whether or not the removal, discharge or reduction

was made for political, racial or religious causes, and the commission shall have no jurisdiction or authority to review, consider or determine any other question.

"Upon such hearing, each member of the Civil Service Commission shall have power to administer oaths and to secure, by the subpœna of the commission, the attendance and testimony of witnesses and the production of books and papers.

"If, upon such hearing, the commission shall find that the removal, discharge or reduction was made for political, racial or religious causes, it shall enter an order reinstating the employee in his former position and directing the payment of all back salary due.    If the commission shall find that the removal, discharge or reduction was not made for political, racial or religious causes, it shall enter an order to that effect, and the removal, discharge or reduction shall stand and be final."

It is to be noted that there is no allegation in the petition in this case that appellee at any time after his discharge filed a statement with the Civil Service Commission alleging that his discharge was made for political, racial or religious causes, and there is no allegation that he at any time or in any manner demanded a hearing before the Civil Service Commission on the question as to whether or not he was rightfully and legally discharged.   The allegations are that he was discharged wrongfully and illegally and for political reasons and was served with a written notice of discharge specifying that the discharge was made because his services had been unsatisfactory and that a copy of the discharge notice was filed in the office of the Civil Service Commission.   The discharge notice specified a cause of discharge that was detrimental to the public service other than political, racial or religious.   When that notice was served on appellee and a copy thereof was filed in the office of the Civil Service Commission, his discharge, under the terms of the statute, became effective immedi-

ately. Thereafter appellee, under the terms of the statute, had no right against the Civil Service Commission, and that commission, under the terms of the statute, owed him no duty to act unless he filed a statement in writing alleging that he had been discharged for political, racial or religious causes and that he believed that upon a hearing he would be able to establish such a fact. The discharge of appellee having become effective he could not be reinstated to a position under the classified civil service except by the action of the Civil Service Commission. The allegations of the petition are insufficient to show a clear right of appellee to have the Civil Service Commission order his reinstatement or any duty on the part of that commission so to order.

In his brief in this court appellee takes the position that the discharge notice was ineffective to cause his discharge because it did not specify in what respect, or when, where and why, his services had been unsatisfactory, and that therefore he was never really discharged at all. The statute specifies that in "every case of removal, discharge or reduction, a statement of the cause therefor shall be set forth in writing, which statement shall be in duplicate, and shall be signed by the appointing officer." The statute makes no requirement and states no rules as to what shall be a sufficient statement of the cause of discharge. We deem it unnecessary to consider or discuss that question, because the petition in this case is drawn on the theory that appellee was actually discharged and is entitled to reinstatement, and he is bound by the allegations of his petition.

For the reason we have above stated the demurrer of appellants to the petition of appellee should have been sustained. The judgment of the circuit court is therefore reversed and the cause is remanded.

*Reversed and remanded.*