(No. 22137.—

THE PEOPLE *ex rel.* Carter Euziere, Defendant in Error, *vs.* WILLIAM RICE, Plaintiff in Error.

*Opinion filed April 21, 1934—Rehearing denied June 6, 1934.*

Eva L. Minor, for plaintiff in error.

A. L. & C. M. Granger, for defendant in error.

Mr. Justice Shaw delivered the opinion of the court:

Between February 1, 1924, and June 30, 1927, defendant in error, Carter Euziere, sold various articles of merchandise, such as stone, tile, cement, etc., to the commissioner of highways for the town of Rockville, Kankakee county, all of which were used as materials for repairing and improving the roads and bridges of that township. The items were in various amounts, from thirty cents to $40.85. Payment having been refused, a suit in assumpsit was started in the circuit court of Kankakee county, resulting in a judgment in favor of defendant in error and against the commissioner of highways in the sum of $1290.18. On appeal from this judgment to the Appellate Court for the Second District it was affirmed, and on a further appeal upon a certificate of importance it was affirmed in this court. (*Euziere* v. *Highway Comrs.* 346 Ill. 131.) This judgment remaining unpaid, defendant in error on September 7, 1932, filed his petition for *mandamus* in the circuit court of Kankakee county, in which he alleged the recovery of this judgment and its affirmance by the Appellate Court and this court; that on the 23d day of August, 1932, he had served upon plaintiff in error, as commissioner of highways for the town of Rockville, a written demand that he levy a tax for the purpose of paying the judgment, and that plaintiff in error had refused to comply with that demand. The petition further set forth the equalized value of the property of the town, together with other necessary allegations, and prayed a

writ of *mandamus* commanding plaintiff in error, as such commissioner, to include in the determination of the taxes for road and bridge purposes an amount sufficient to pay the judgment. Defendant below, who is plaintiff in error here, demurred to the petition, the demurrer was overruled, and he elected to stand by the demurrer. A final judgment was thereupon entered awarding the writ and commanding plaintiff in error, as such commissioner, to levy and certify to the board of supervisors of Kankakee county a tax sufficient in amount to pay the judgment, interest and costs. This judgment having been affirmed by the Appellate Court, the case is here for further review upon *certiorari*.

It is first contended by plaintiff in error that the commissioner of highways is without any legal authority to levy a tax to pay a judgment. This contention was dismissed by the Appellate Court as being absurd, without any discussion of the point involved. After a full consideration of the authorities relied upon we have arrived at the same conclusion.

Plaintiff in error contends that the power to make any levy is entirely statutory and that it cannot be exercised unless clearly appearing to exist. He does not say so, but it is a necessary corollary of his argument to assume that the payment of this judgment is not a payment for road and bridge purposes. It is, of course, true that a tax can not be levied except for a purpose permitted by statute. Such an argument, however, cannot be extended to a point where it would, in effect, repeal definite statutory provisions. When this case was before this court before, we said that "a legislative grant carries with it, by implication, the powers necessary to make the grant effective." (*Euziere* v. *Highway Comrs. supra*, p. 134.) In the same opinion we pointed out that it was not only within the power of the commissioner to purchase the materials which were then, as now, in question, but that it was also

his duty to do so in fulfillment of the statutory command that he keep the roads and bridges of his township in repair. The statute constitutes the commissioner a quasi-corporation, with power to sue or be sued. (Smith's Stat. 1933, chap. 121, pars. 46, 47, 48.) Paragraph 56 authorizes and requires him to determine the taxes "necessary to be levied on property within his town or district for road and bridge purposes."

Considering all of the sections of the act as formerly interpreted by this court, it is impossible for plaintiff in error's argument to prevail. The legality of the purchases and the validity of the indebtedness have been determined by the prior judgment of this court and are no longer open to argument or question. The commissioner was required to purchase such materials and hire such labor as were necessary for the performance of the statutory duties positively imposed upon him. The law expressly provides that he may be sued. If he not only may, but must, buy materials, and if it is expressly provided that he may be sued, it cannot have been the legislative intent that he should be without the necessary means of paying a judgment rendered for the purchase price of those materials which he is required to buy. To so hold would produce the anomalous result of a legislative intent to take away with one hand what it expressly gives with the other. The result would be that a creditor who pursues his remedy as prescribed by statute would by that pursuit lose it. Reducing this claim to judgment does not alter the substantial nature of the indebtedness. It was, always has been and now is an indebtedness for materials used upon the highways of the township in question, and the commissioner is not without power to levy a tax for its payment.

It is next contended by plaintiff in error that *mandamus* will not lie to compel the performance of a useless act, and that since the sixth of September, 1932, has long since gone by, the court can do nothing about the matter now.

The argument is entirely without merit. The essential part of the prayer of the petition is, that plaintiff in error shall include in his levy an amount for the purpose of paying the judgment, interest and costs. The date when this is required to be done may be disregarded as surplusage and the mandate issued in such form as to be effectual.

It is also argued that the courts will not, by *mandamus*, interfere with the performance of a discretionary act. It is urged that the commissioner might, in his sole discretion, levy the statutory limit for other purposes, ignoring this judgment. The commissioner can have no higher duty than the payment of an honest debt reduced to judgment, and it is not discretionary with him as to whether or not he shall do so. The courts cannot anticipate that he will attempt to evade this plain duty, but it will, in any event, be soon enough to deal with that situation if and when such an attempt is made. If the payment of this judgment, or any part of it, would necessarily place the commissioner of highways in such a position as to prevent him from carrying on essential governmental functions, that fact should have been presented by answer and supported by proof. The demurrer raised no such question. *Board of Supervisors* v. *People,* 226 Ill. 576.

It is further argued that the concurrence of other persons is necessary in perfecting the levy, and that the board of supervisors and board of town auditors should have been made parties to the suit. We can only assume that public officers will do whatever duty is required of them by law. Inasmuch as the payment of this obligation is a plain duty, we will indulge that presumption in this case. No one but the commissioner has as yet refused to perform his duty and no other party is necessary on the present record.

The writ was properly allowed, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*