(No. 2341—

Chloe Ayer, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 10, 1935.*

Gillespie, Burke & Gillespie and Rolla Babcock, for claimant.

Otto Kerner, Attorney General; John Kasserman, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

- Claimant seeks an award of Five Thousand Nine Hundred and Fifty Dollars ($5,950.00) for back salary alleged to be due her, as an employee of the State of Illinois. About December, 1919 claimant passed a Civil Service examination, was certified and assigned to a position of tax clerk at a salary of One Hundred Seventy-five Dollars ($175.00) per month, which position she held until March 15, 1929. At this point the record is uncertain. Claimant states that she was asked to resign and refused to do so, but a notation appears on the records of the Civil Service Commission on March 15, 1929 that claimant had resigned. The last pay she received, according to the records of the Commission, was for one-half month in March, 1929. If a resignation was signed by Mrs. Ayer same cannot be located in the files of the Civil Service Commission.

The records disclose, however, that on May 13, 1929 claimant was appointed to a position as clerk in the general office of the Department of Public Welfare, she accepted that appointment and continued therein under that classification until May 19, 1929. On July 10, 1931 an affidavit was filed by Mrs. Ayer's attorney with the Civil Service Commission and a hearing was granted claimant for reinstatement, and on January 12, 1932 claimant was reinstated to her position as tax clerk in the Department of Finance. Claimant thereafter continued in such employment until July 15, 1933, when she was laid off because of the abolishment of said position of Tax Clerk. From the foregoing it appears that claimant seeks an award from March 15, 1929 to January 12, 1932 at One Hundred Seventy-five Dollars ($175.00) per month, or Five Thousand, Nine Hundred Fifty Dollars ($5,950.00).

"Whenever an employee who has been removed, discharged or reduced shall file with the Civil Service Commission within five days after his removal, discharge or reduction, a statement in writing alleging that his removal, discharge or reduction was made for political, racial or religious causes and that he believes that upon a hearing he will be able to establish such a fact, it shall be the duty of such commission to order a hearing. The time and place of such hearing shall be fixed by the commission and due notice thereof given to the appointing officer and the employee.

\*        \*        \*        \*        \*        \*        \*

"If upon such hearing the commission shall find that the removal, discharge or reduction was made for political, racial or religious causes it shall

enter an order reinstating the employee in his former position and directing the payment of all back salary due."

### From, *Section 12—Civil Service Act of Ill.*

The Civil Service Commission in reinstating claimant expressly called attention to the fact that it was not making any recommendation for the allowance of back pay. The application for reinstatement was not filed within five days as required by the foregoing Act. In her Reply Brief claimant states that she had no right to file a statement and apply for a hearing since no charges were filed against her and the Commission had no jurisdiction to act; further that there is no time prescribed by the Act within which claimant herein might have applied for a hearing and that the five day limitation applies only to cases where charges have been filed, and that the Commission had no jurisdiction to act.

The Commission had the same authority and jurisdiction to act within a reasonable time after claimant states she was discharged as it did to act when she finally filed her application for a hearing for reinstatement on July 10, 1931. If the Commission had authority to hear her application at the later date and to make a valid order reinstating her, they could have heard the same had she made her request within a reasonable time or within the five days contemplated by the foregoing section of the Act.

"Laches consists of such neglect or omission to assert a right as taken in conjunction with lapse of time more or less great and other circumstances causing prejudice to the other party operates as a bar."

### *Carroll* vs. *Houston,* 341 Ill. 531-538.

"Where a civil service employee has been wrongfully discharged it is his duty to file with the Civil Service Commission within five days after such discharge a statement in writing alleging that he had been discharged for political, racial or religious causes, and that he believes that upon a hearing he would be able to establish such fact and unless such statement is so filed the discharge becomes final and binding."

### *Osborne* vs. *Bradford,* 346 Ill. 464.

Examination of the evidence taken herein discloses that there was considerable difficulty in regard to the work and employment of claimant for some time before she was discharged in March, 1929. Whether she was discharged with all the formalities of Civil Service notifications or not, or

whether she upon request filed her resignation under the pressure of the Director of the Finance Department, is somewhat in doubt, but in either event she failed for a long period of time to seek to establish any right to reinstatement or a claim to payment. The Civil Service Commission in reinstating her did not see fit to make any allowance for back pay, and this court is of the opinion that no award for same is warranted. Claimant contends that this was not a reinstatement and that the only effect of the order of the Commission made upon her application, was to send her back to work. Claimant submitted herself to the jurisdiction of the Civil Service Commission and the order of that body entered, January 12, 1932 reads:

"That in view of the fact that Mrs. Ayer was certified as tax clerk in the civil service of the State, the commission directs that she shall be reinstated to the position of tax clerk in the Department of Finance."

An award is denied and the claim dismissed.