The People of the State of Illinois ex rel. Gustav H. Bunge et al., Appellees, v. Downers Grove Sanitary District et al., Appellants.

Gen. No. 8,919.

Opinion filed August 14, 1935. Rehearing denied September 30, 1935.

DANIEL S. WENTWORTH and ROBERT F. DEWEY, both of Chicago, for appellants.

ALSCHULER, PUTNAM & JOHNSON, of Aurora, for appellees; EDWARD F. STREIT and WILLIAM C. O'BRIEN, both of Aurora, of counsel.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellees recovered a judgment against appellant district for the sum of $25,000, which judgment was affirmed by the Supreme Court in the case of *Bunge v. Downers Grove Sanitary Dist.*, 356 Ill. 531. Following affirmance of the above judgment, demand was made for the payment thereof. Appellees also appeared before the regular meeting of the board of trustees of appellant district in July, 1934, and demanded payment as aforesaid, or in event no funds were available from which payment could legally be made, that said trustees make proper provision in the appropriation and levy ordinances of appellant district to take care of such judgment. Subsequently, the board of trustees passed the annual appropriation and levy ordinances in which no provision was made for the payment of the aforesaid judgment or any part thereof. Appellees thereupon commenced this action of mandamus to compel the trustees of said district to make payment of the judgment out of funds on hand, or if the same were not then available, that said trustees be ordered to reconvene and take the necessary steps to appropriate and levy a tax for the purpose of paying such judgment.

Appellants filed their answer which set up various grounds of defense, incorporated in 22 paragraphs. On motion of appellees, all of the defenses were stricken as not constituting a legal defense, except lack of funds and the inability to raise revenue. Appellants also sought to set up "the world-wide depression," and that a financial emergency existed which called for the most economical, faithful, and diligent management and operation of the district. Appellees took issue on the question whether or not all the revenue which could legally be raised by the district was necessary for the corporate needs thereof, further claiming that the district had not admitted all of its sources of revenue and that it had not exercised its complete authority to raise funds, which it might legally raise by appropriation and levy. A hearing was had on the issues thus made up, as to whether the district had completely exercised its power to raise revenue, and whether the entire revenue which the district could legally raise was required for current operating expenses. Hearing was had before the circuit court of DuPage county, without jury. The court found that the district had not completely exercised its power to raise revenue and that all of the revenue of the district was not required for current operating needs. An order was entered requiring the board of trustees to reconvene and amend the appropriation and tax levy ordinances for the fiscal year of 1934–1935, so that the tax levy would represent the taxable limit of the district; to include in the appropriation and levy ordinances a provision for the payment of $7,065 to be applied in part payment of the judgment of the appellees; ordering that respondents pay over such sum to appellees when received; and further ordering that a levy should be caused to be made annually to be applied upon appellees' judgment. Appellants prosecute this appeal from the order of the court.

The record in this case is voluminous, consisting of some 530 pages. We have carefully examined the same and we find no error existing with reference to the trial court's ruling on motions, his finding on the facts, or his conclusions under the law.

The president of the board of trustees testified that they were going to avoid payment of this judgment, if possible, because the board was conscientiously of the opinion that the claim was unfair. This witness further stated that the board was doing everything in its power to avoid paying the judgment. The disposition of this cause in no way depends upon the personal opinion of the members of the board of trustees of appellant district. The claim has been reduced to a final judgment, and nothing remains to be done except to pay same. Under the circumstances as they exist in this case, it is the duty of the board of trustees of appellant district to take all steps necessary to make payment of the judgment. *People v. City of Chicago,* 360 Ill. 25; *City of Cairo v. Campbell,* 116 Ill. 305, 308, 309; *City of Cairo v. Everett,* 107 Ill. 75, 78; *City of Chicago v. Sansum,* 87 Ill. 182; *People v. City of Cairo,* 50 Ill. 154. An evasion of a duty by a public officer or a legal tribunal, amounting to a virtual refusal to perform the duty, warrants a writ of mandamus, and an inferior tribunal which has sought to evade the performance of a positive official duty while convened, cannot, by adjourning its meeting *sine die,* place itself beyond the power of the court to compel by mandamus the performance of the duty enjoined by law which such tribunal has undertaken to defeat by such evasion. *Loewenthal v. People,* 192 Ill. 222, 231, 232; *Board of Supervisors v. People,* 226 Ill. 576. Persons charged with the performance of public duties can have no higher duty than the payment of an honest debt reduced to judgment, and it is not discretionary with any such

official whether or not he shall so do. *People v. Rice,* 356 Ill. 373, 377.

The trial court was correct in applying rules applicable to actions at law, to the pleadings in this case. A proceeding for the writ of mandamus is an action at law. The pleadings are governed by the same rules as apply to other actions at law. The defense set up by the answer as a whole must be sufficient. *People v. Board of Review,* 329 Ill. 388. The answer should deny the facts alleged in the petition or confess and avoid them, averring specifically the facts excusing the conduct of the respondent. *People v. Palmer,* 356 Ill. 563, 569; *People v. Lueders,* 287 Ill. 107; *Mayor & City Council of Roodhouse v. Briggs,* 194 Ill. 435; *Taylor v. Filler,* 318 Ill. 356; *People v. Dixon,* 346 Ill. 454; *Osborne v. Bradford,* 346 Ill. 464.

Appellant district is liable for the judgment for which this petition was filed, and it is the duty of the trustees of such district to make proper appropriations for the payment of same. If they fail in this duty, the courts, upon a proper showing, will grant the relief sought herein. Appellants in this instance seek to avoid the alleged duty by claiming that there is a lack of funds and a lack of taxing power to pay the judgment. The burden is upon the district to establish that it is doing all in its power to liquidate this judgment. Its items of receipts and expenditures should be definite and in detail, so that the court can see that it is not the fault of the district that the judgment is not paid. *City of Chicago v. People,* 215 Ill. 235, 238, 239; *Board of Supervisors v. People,* 226 Ill. 576, 583; *People v. Rice,* 356 Ill. 373, 377.

The judgment of appellees against appellant district is final and is absolutely conclusive in this proceeding as to the right of appellees to receive and the duty of appellants to pay. It is to be presumed that public officers will properly and fairly discharge their duties.

The courts will not anticipate that they will attempt to evade a plain duty. While the statute does not intend that appellant district shall be deprived of sufficient means to meet its ordinary running expenses, neither does it intend that such district shall evade the payment of a legal obligation which has been reduced to final judgment, by an apparent attempt at evading the same by failing to take any steps to provide for the satisfaction thereof. It was the duty of the board of trustees of appellant district to take steps to provide for the payment of this judgment. This duty rested upon them without any affirmative action on the part of appellees. *City of Cairo v. Campbell, supra,* p. 309.

We are of the opinion as a matter of fact, from the evidence in this record, that the trustees of appellant district did not do all in their power to liquidate this judgment. This is required to be set up and proven by appellant. *City of Chicago v. People, supra,* pp. 238, 239. We are of the further opinion that the evidence in this case establishes the fact that the trustees did not intend to take any steps for the payment of this judgment. The evidence regarding the current operating expenses of the district is uncertain and vague and wholly insufficient to establish the defense contended for by appellants.

The writ was properly allowed, and the judgment of the circuit court is affirmed.

*Judgment affirmed.*