Robert L. Eley, et al., Petitioners-Appellants, v. William E. Cahill, Reginald Du Bois, and Quentin J. Goodwin, Commissioners, Chicago Civil Service Commission, The City of Chicago, a Municipal Corporation, and Orlando W. Wilson, Superintendent, Department of Police, City of Chicago, Defendants-Appellees.

Gen. No. 52,819.

First District.

June 12, 1970.

Rehearing denied July 28, 1970.

Elmer Gertz, of Chicago (Wayne B. Giampietro, of counsel), for appellants.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Stuart Sikevitz, Assistant Corporation Counsel, of counsel), for appellees.

RYAN, J.

Plaintiffs, employees in the Animal Care Unit of the Police Department of the City of Chicago, filed their amended petition for mandamus to compel the Civil Service Commission and the Superintendent of Police of the City of Chicago to elevate these employees in Civil Service grade and rank to the same pay scale as regularly classified patrolmen of the Police Department. A second count of the amended petition requests back salary for the plaintiffs. The trial court granted defendants' motion to dismiss the petition on the grounds that the petition was insufficient in law to state a cause of action for mandamus.

Up to and including December 31, 1958, these employees were classified in a higher grade and were paid a salary equal to patrolmen of the Police Department. On or about January 1, 1959, they were reclassified as civilian employees of the police department for compensation purposes and placed on a lower pay scale than the patrolmen.

Plaintiffs contend that the classification of these employees at a lower grade than patrolmen by the Civil

Service Commission is haphazard, unreasonable, arbitrary, capricious, an abuse of discretion, and not based on substantially different duties, authority and responsibility as required by the Municipal Code of the City of Chicago, (Chicago Municipal Code, Section 25–31). In support of their contention that these employees do not perform substantially different duties nor have substantially different authority and responsibility than patrolmen, plaintiffs alleged that they must: take the police department oath to uphold and enforce the laws the same as all other personnel; purchase and wear uniforms which are similar if not identical to those worn by patrolmen; wear a badge; purchase revolvers and ammunition; work the same shifts; enforce state laws and city ordinances and exercise powers of arrest in conjunction therewith; respond to calls on the police radio and operate police department equipment such as trucks; submit to all of the rules and regulations applicable to sworn personnel and sign the department of police code of ethics; and finally, in all other ways perform the functions and duties of a patrolman assigned to a special detail of the police department. Plaintiffs further allege that regularly classified patrolmen are presently, and have been in the past, assigned to the Animal Care Unit and are assigned to the same functions and duties as plaintiffs without regard to the differences in classification.

■ For the reasons set forth below, we believe that the decision of the trial court in granting defendants' motion to dismiss the amended petition for mandamus was correct and should be affirmed.

■ With reference to mandamus proceedings, if the plaintiff is to prevail, he must show a clear legal right to the relief sought. Bengson v. City of Kewanee, 380 Ill 244, 43 NE2d 951; Osborne v. Bradford, 346 Ill 464, 179 NE 118; People ex rel. Comm'rs of Big Lake Special Drainage District v. Dixon, 346 Ill 454, 178 NE 914. It is essential that the petition allege sufficient material

facts to demonstrate such clear legal right. Such was not done in the instant case. The most that can be said for the petition is that it alleges facts which indicate that the plaintiffs' incidental authority and duty are somewhat similar to those of regularly classified patrolmen. Although the petition states that petitioners are required by rules, regulations and orders to do certain things, nowhere is it factually averred that the petitioners actually did or do primarily perform the functions of patrolmen. The statement in the petition that they perform the same functions and duties is merely a conclusion and is not a statement of fact. In fact, the notice of the Civil Service examination for the two positions which is attached to the motion to dismiss indicates a substantial difference in the duties, responsibility and authority of the two offices. It is not sufficient that some duties of these employees coincide with duties of patrolmen if such duties are only incidental or auxiliary duties which these employees are required to perform. The Civil Service Code previously referred to requires "substantially similar duties, authority and responsibility," before the same classification and pay scale is required. Accordingly, the amended petition herein has failed to allege facts as contrasted with conclusions which establish the essential elements of the ordinance.

In City of Decatur v. Vermillion, 77 Ill 315, the plaintiff was hired as the city poundmaster and was also clothed with the general authority of a city policeman. Subsequently, the plaintiff filed an action against the city for an increased salary based upon alleged services which he claimed to have rendered as a city policeman. In holding for the city, our Supreme Court stated at page 317:

". . . The power to act as a policeman was only auxiliary to the office of poundmaster, and was only conferred to enable him to fully perform the duties of his office of poundmaster."

In the case at bar, the plaintiffs herein were hired and classified as employees in the Animal Care Unit of the police department. It is not unreasonable that they be given certain powers of a patrolman in order to enable them to fully perform the primary duties of their position. The cases cited by the plaintiffs say nothing more with regard to this controversy than that mandamus will lie in a proper case and that the same salary grade would be warranted only if the plaintiffs were, in fact, regularly acting as patrolmen and performing regular patrolmen functions. We find no disagreement with those cases. No authority has been cited to this court, however, to support the proposition that a civil service employee is to be classified and paid a salary for functions and duties which are only incidental and auxiliary to the principal execution of his calling.

The plaintiffs' amended petition for writ of mandamus having failed to include the essential allegations of fact discussed above was deficient and failed to show a clear legal right to the relief sought and was therefore properly dismissed.

Neither are plaintiffs' allegations that regular patrolmen are occasionally assigned to the Animal Care Unit duties persuasive. The determinative question is not whether regularly classified patrolmen are assigned to Animal Care Unit functions but, rather, whether the plaintiffs are, in fact, assigned to the regular performance of patrolmen functions.

The amended petition also fails to allege that any demand for the relief sought was made upon the defendants and that performance was refused or that such a demand would have been unavailing. In general a demand for performance and a refusal to comply therewith are conditions precedent to the maintenance of mandamus to enforce a private right. 26 ILP Mandamus, Sections 12 and 13. In People ex rel. Edelman v. Hunter, 350 Ill

276

App 75, 111 NE2d 906, the court held that the failure to allege a proper demand for performance and a refusal to comply rendered the petition for a writ of mandamus defective. See also Murphy v. City of Park Ridge, 298 Ill 66, 131 NE 256; People ex rel. Hollie v. Chicago Park District, 296 Ill App 365, 16 NE2d 161. Since the amended petition in the present case fails to allege a demand and refusal or facts which indicate that such a demand would have been unavailing, the amended petition was defective and was properly dismissed.

Having concluded that the amended petition was properly dismissed for the above reasons, we find it unnecessary to consider the other reasons presented by the defendant to sustain the decision of the trial court.

Accordingly, the order of the trial court dismissing the amended petition for writ of mandamus will be affirmed.

Affirmed.

STOUDER, P. J. and ALLOY, J., concur.