THE CITY OF BLOOMINGTON

*v.*

AMANDA PERDUE.

*Filed at Springfield June 20, 1881.*

1. INSTRUCTION—*repeating.* There is no error in refusing an instruction, where another one given fully expresses the law expressed in the one refused.

2. NEGLIGENCE—*standard of care on part of plaintiff.* In an action by a young lady against a city, to recover damages for an injury based upon the negligence of the defendant in not keeping a sidewalk in repair, involving the question of the plaintiff's freedom from negligence, instructions which do not refer as a standard of caution to " what ordinary young ladies would do," but to the conduct of " an ordinarily *prudent* person," and of " a woman of common or ordinary prudence," are not faulty in respect to the standard referred to.

3. SAME—*evidence as tending to disprove want of due care and caution.* In a suit by a young lady against a city to recover damages for an injury to the uterus, caused by a fall from a defective sidewalk, the defendant proved that she did not take proper care of herself after the injury, by remaining quiet, as showing negligence on her part increasing the injury. On cross-examination of the physicians called by the defence, the plaintiff proved, over defendant's objection, that an unmarried woman, not acquainted with the anatomy of the injured part, could not be expected to act as promptly and intelligently as one understanding it, or as a medical man would, and that it was a common thing for women to suffer from a displacement or injury of the organ spoken of, without themselves knowing the trouble: *Held,* that there was no error in allowing the evidence.

4. MUNICIPAL INDEBTEDNESS — *in excess of constitutional limitation—not applicable to liability for torts.* In an action on the case against a city to recover for a personal injury growing out of negligence on the part of the city, it can not raise the question that it is already indebted to an amount in excess of the constitutional limitation.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. N. J. PILLSBURY, Judge, presiding.

This was an action on the case, brought by Amanda Perdue against the city of Bloomington, for damages for an injury claimed to have been received from a defective sidewalk.

The plaintiff was a young woman twenty-eight years of age. At the time of the injury she was living at the ladies' boarding hall, and attending school at the Wesleyan. She, on her way home from school in company with another lady, while on the sidewalk, met with the accident. It seems the stringers were decayed, so as not to hold the nails in the boards, and her companion stepping on a board in the walk, tipped it up so as to trip her, and she fell. The fall strained the ligaments that support the uterus, and the plaintiff claimed that she was thereby seriously injured.

The proof showed that the injury was severe, causing intense pain and suffering, and that the sidewalk had been out of repair for some time before the injury, although there was evidence that some of the city officers had notice of the same.

On the trial, the city in defence called physicians, who testified that a young lady receiving an injury as described by the plaintiff should have taken immediate rest and medical treatment, and that it was imprudent and improper in the plaintiff to go to school on the next day after the injury, and on the second day after to go into the kitchen and bake pies for an hour or so. On the cross-examination it was elicited, against the defendant's objection, that an unmarried woman, not acquainted with the anatomy of the womb, could not be expected to act as promptly and intelligently after the fall that resulted in the injury of the uterus, as though she understood it, or as a medical man would, and that it was a common thing for women to suffer from displacement or injury

of the organ spoken of, without themselves knowing the trouble.

The court refused to give the defendant's fourth instruction, which is as follows:

"The court instructs the jury, on behalf of the defendant, that before the plaintiff can recover in this case, the law requires her to show, by the evidence, that at the time she sustained the injury complained of she was exercising ordinary care and caution, and if you believe, from the evidence, that the plaintiff, by the exercise of such care and caution, would have avoided the danger, you should find for the defendant."

The court, at the instance of the defendant, gave the following instruction, referred to in the opinion as No. 6:

"The court instructs the jury, on the part of the defendant, that the city of Bloomington is not liable for every accident or injury that happens or occurs on the streets of said city, but only in cases where the evidence shows the party seeking to recover has exercised such care and prudence as a reasonable, careful and prudent person would have used in the same circumstances, and that the city has been negligent."

The jury found for the plaintiff, in the sum of $3500, for which judgment was rendered, the court refusing a motion for a new trial. The defendant took the case by appeal to the Appellate Court for the Third District, where the judgment was affirmed, and the case is brought here by appeal from the Appellate Court.

Mr. T. C. KERRICK, and Mr. B. D. LUCAS, for the appellant:

If appellee's condition is the result of her own want of ordinary care and prudence, she can not recover in this action. *Aurora* v. *Pulfer*, 56 Ill. 270; *Centralia* v. *Krouse*, 64 id. 19; *Chicago* v. *McCarthy*, 75 id. 602; *Rock Island* v. *Vanlandschoot*, 78 id. 485; *Lovinguth* v. *Bloomington*, 71 id. 238;

*Chicago and Alton Railroad Co.* v. *Becker,* 76 id. 30; *Indianapolis and St. Louis Railroad Co.* v. *Evans,* 88 id. 63; *Illinois Central Railroad Co.* v. *Hetherington,* 83 id. 515; Wharton on Negligence, sec. 300.

The court erred in allowing the appellee to prove that other persons might have done as she did, not knowing the nature and extent of the injury. *City of Champaign* v. *Patterson,* 50 Ill. 65; *Dobbins* v. *Duquid,* 65 id. 465.

The jury, and not witnesses, should determine whether appellee used ordinary diligence in taking care of herself. *Chicago* v. *McGiven,* 78 Ill. 347; *Hopkins* v. *Indianapolis and St. Louis Railroad Co.* 78 id. 33.

The question whether the appellee was guilty of a want of ordinary care, was one of fact, which the court should have left to the jury. *Illinois Central Railroad Co.* v. *Gill,* 68 Ill. 317; *Kolb* v. *O'Brien,* 86 id. 211.

Mr. IRA J. BLOOMFIELD, for the appellee:

The walk had been in bad condition for months. "The stringers were decayed and would not hold nails, and this had been their condition for a long time. After the lapse of so considerable a time, notice of the defective state of the sidewalk will be presumed." *City of Aurora* v. *Hillman,* 90 Ill. 61; *City of Aurora* v. *Dale,* id. 46.

Nor does the mere fact the plaintiff might have taken a better and safer sidewalk than the one she did, charge her with want of ordinary care. She traveled the usual and most direct route to and from her school. *City of Aurora* v. *Hillman, supra.*

The court was not bound to repeat instructions. Every principle involved in those refused is included in those given.

It is insisted that the court improperly permitted experienced physicians to answer that young ladies do not generally understand the nature of uterine troubles, and that they would not expect one of them to act as promptly as if they understood the nature of the injury, or as medical men

would do. There can be no question that the general rule is, that the opinions of witnesses are inadmissible as evidence; but to this rule there are many exceptions. *McElheny* v. *Musick,* 63 Ill. 330.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Questions ·of fact do not in this case come before us for review. We think there was no error in refusing instruction No. 4, for the reason that the law therein stated had already been distinctly stated in other instructions given. Instruction No. 6, given at request of defendant, fully expresses the idea found in the refused instruction. Nor do we find anything faulty in the instructions Nos. 8, 9 and 10, given at request of plaintiff. These instructions do not refer as a standard of caution to "what ordinary young ladies would do," but to the conduct of "an ordinarily *prudent* person," and of "a woman of common or ordinary *prudence.*"

Nor do we think the circuit court erred in permitting an experienced practicing physician to testify to what was usual knowledge among persons of the same class as that of the plaintiff, as to questions of physiology and internal ailments.

In the trial of a case like this, we are of opinion that the city can not raise the question as to whether it is already indebted to an amount in excess of the constitutional limitation. It was not error to exclude proof on that subject.

Finding no material error, the judgment is affirmed.

*Judgment affirmed.*