THE PEOPLE *ex rel.* R. Maynard Swanson *et al.* Appellees, *vs.* L. WEINBERG *et al.* Appellants.

*Opinion filed October 22, 1927.*

1. QUO WARRANTO—*when court should enter judgment on pleas barring action.* Where defendants file several pleas to an information in *quo warranto,* the relators demur to all of the pleas, all the demurrers are overruled and the relators elect to stand by their demurrers, judgment should be entered on those pleas which answer the information sufficiently to bar the action, and the cause cannot be tried on issues made by replications to other pleas.

2. SANITARY DISTRICTS—*section 1 of act of 1917 requires but one publication of notice in organizing district.* Section 1 of the act of June 22, 1917, authorizing the creation of sanitary districts and providing for sewage disposal, requires but one publication of the notice of the time and place where the original commissioners shall meet and of the notice of the election to organize the district, as the language of the act is sufficiently specific, and section 3 of the statute on notices need not be applied.

APPEAL from the Circuit Court of Knox county; the Hon. WILLIS F. GRAHAM, Judge, presiding.

EDMUND D. ADCOCK, and WOOLSEY & LUCAS, for appellants.

R. C. RICE, State's Attorney, HARDY, HARDY, BARDENS & HARDY, and MARSH, LEWIS & THOMPSON, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

An information in the nature of *quo warranto* was filed in the circuit court of Knox county charging that appellants, L. Weinberg, J. E. Potter and D. B. Swanson, were unlawfully usurping and executing the office of trustees of the Galesburg Sanitary District. To this information seven pleas were filed and demurrers were filed to each plea. All of the demurrers were overruled and a rule was entered on relators to plead or stand by their demurrers. General replications were filed to the second, fourth and sixth pleas but no replies were made to the first, third, fifth and seventh pleas, appellees electing to stand by their demurrers. The cause came on for trial before a jury on the second, fourth and sixth pleas, the question submitted to the jury being whether the construction and maintenance of the plant for the treatment of sewage of the district and the construction and maintenance of a common outlet for the drainage thereof would conduce to the preservation of the public health. There was a verdict of guilty and a judgment of ouster. This appeal followed.

Appellants rely for reversal upon the following errors: (1) The verdict of the jury was against the preponderance of the evidence; (2) the court admitted improper evidence for appellees and refused proper evidence offered by appellants; (3) attorneys for appellees made improper statements in their argument to the jury; and (4) the motion in arrest of judgment should have been granted because the verdict was on an immaterial issue and because the pleadings do not support the judgment. Appellees assign cross-errors questioning the action of the court in overruling their demurrers to the first, third, fifth and seventh pleas of appellants.

The first plea set up in detail a complete record of the proceedings taken in the organization of the district and

alleged compliance with the provision of the act of June 22, 1917, authorizing the creation of sanitary districts and providing for sewage disposal. The third plea set out *verbatim* the petition to the county judge signed by upwards of 100 legal voters of the territory and alleged compliance with the statute. The fifth plea is like the first in every respect except that it sets forth more in detail certain orders entered by the trustees and by the county judge in the organization of the district. The seventh plea is substantially the same as the second, which sets forth the complete record as in the first plea, and in addition alleges that the territory of the sanitary district was and is contiguous, that it contains only one incorporated city, that none of the territory of the district, which is not situated within the limits of the city of Galesburg, is more than three miles from the corporate limits, and that none of said territory is within any other sanitary district. The seventh plea further alleges that the relators and the public generally are estopped from questioning the due organization and existence of the district because of the final adjudication of the questions by the trustees, the overwhelming vote of the voters in favor of the district, the orders of the county court relating to the establishment of the district, the appropriation of large sums of money, the passing of the tax levy ordinance, the filing of the certificate of levy and the extension of taxes thereon, and acquiescence in the action of the trustees in the management of the affairs of the district.

Each of these pleas was a bar to the action, and when the demurrers to these pleas were determined in favor of the pleas and appellees elected to stand by the demurrers the court should have entered a judgment of not guilty. (*People* v. *Bug River Drainage District,* 189 Ill. 55; *Bissell* v. *City of Kankakee,* 64 id. 249.) The fact that there were other pleas on which issues were joined is immaterial. The court should have entered judgment on the pleas which stood as a bar to the action. The trial on the other pleas,

with these pleas standing, was a nullity. (2 Tidd's Practice,—3d Am. from 9th Lond. ed.—*741.) The first, third, fifth and seventh pleas answered the information, and, their averments being admitted by the demurrers, there was nothing left for trial.

Appellees contend, however, that the court erred in sustaining the pleas, for the reason that they showed on their face that proper notice had not been given to confer jurisdiction on the authorities to proceed with the organization of the district. Section 1 of the act requires that notice shall be given by the county judge of the time and place where the original commissioners will meet, "by a publication inserted in one or more daily or weekly papers published in such proposed district, at least twenty days prior to such meeting," and of the election to organize the district "at least twenty (20) days prior thereto by publication in one or more daily or weekly papers published within such proposed sanitary district." (Laws of 1917, p. 396.) Appellees argue that inasmuch as the number of publications is not specified, section 3 of chapter 100 of the statutes, which provides, "whenever notice is required by law, or order of court, and the number of publications is not specified, it shall be intended that the same be published for three successive weeks," shall apply. The language of the act under construction is a full reply to this argument. Similar questions have been before the court on several occasions, and it has been held uniformly that language similar to that used in the act before us requires a single publication. *Central Illinois Public Service Co.* v. *City of Taylorville,* 307 Ill. 311; *Stone* v. *City of Chicago,* 207 id. 492; *Aldis* v. *South Park Comrs.* 171 id. 424; *Weld* v. *Rees,* 48 id. 428.

The judgment is reversed and the cause is remanded to the circuit court of Knox county.

*Reversed and remanded.*