(No. 25238.—

THE ELMHURST NATIONAL BANK, Trustee, Appellee, *vs.* THE VILLAGE OF BELLWOOD *et al.* Appellants.

*Opinion filed October 13, 1939.*

LANGWORTHY, STEVENS & BARTLIT, (B. F. LANG-WORTHY, of counsel,) for appellants.

MYRON E. WISCH, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

Plaintiff, the appellee, a taxpayer of the village of Bellwood, sought to enjoin the village officials from issuing, selling or negotiating certain judgment-funding bonds. The

only issue presented is the validity of the ordinance providing for the bonds. The trial court, to which the cause was submitted on complaint, answer, and amended answer, held the ordinance invalid and granted an injunction as prayed. The trial judge certified that the validity of an ordinance is involved and that in his opinion the public interest requires a direct appeal to this court.

The ordinance in question recites: On July 15, 1938, the Equitable Life Insurance Company of Iowa recovered a judgment in the United States district court against defendant village for $30,161.31, and $1460 costs. An appeal by the village is now pending. The insurance company has offered to settle the judgment upon payment of $27,000. Since it is to the best interest of the village to accept that offer and since there are no funds available for that purpose, it will be necessary to issue and sell village judgment-funding bonds in the principal sum of $27,000. The ordinance then authorizes the issuance of such bonds with interest at four per cent per annum, and provides for the payment of principal and interest by a direct annual tax for a period of nineteen years in addition to all other taxes. Plaintiff claims that since the indebtedness of the village already exceeded five per cent of the assessed valuation of taxable property, the ordinance violates section 12 of article 9 of the 1870 constitution. That section provides: "No county, city, township, school district, or other municipal corporation, shall be allowed to become indebted in any manner or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein, to be ascertained by the last assessment for State and county taxes, previous to the incurring of such indebtedness."

Plaintiff admits that the judgment which was based on a tort claim constitutes a valid debt of the village, (*City of Bloomington* v. *Perdue*, 99 Ill. 329; *City of Chicago* v. *Sexton*, 115 id. 230; *City of Chicago* v. *Manhattan Ce-*

*ment Co.* 178 id. 372, 94 A. L. R. 937n;) and that the statute provides for the funding of the judgment debts by a bond issue. (Ill. Rev. Stat. 1937, chap. 24, art. 5, par. 65.5.) But it contends that to supplant this judgment with bonds issued by a municipality which has already exhausted its debt limitation, necessitates the voluntary action of the municipality to issue bonds, and that it is such voluntary action on the part of the municipality that is expressly prohibited by the constitution. Defendants, on the other hand, say that the funding of an existing valid liability is not an increase of indebtedness, but is merely a continuation thereof, and not prohibited by the constitution.

The great majority of courts hold that the issuance of bonds by a municipality for the purpose of funding its valid indebtedness does not increase its aggregate indebtedness within the meaning of constitutional provisions similar to ours. (97 A. L. R. 442n.) In *Kocsis* v. *Chicago Park District,* 362 Ill. 24, 35, we followed that view and said: "The issuance of refunding and funding bonds does not create additional indebtedness but merely evidences existing debts. (*County of Jasper* v. *Ballou,* 103 U. S. 745; *Powell* v. *City of Madison,* 107 Ind. 106; *Hotchkiss* v. *Marion,* 12 Mont. 218; *Hamilton County* v. *Montpelier Savings Bank and Trust Co.* 157 Fed. 19.) The Circuit Court of Appeals for the seventh circuit, in the case last cited, in referring to the constitutional provision in question, said: 'The constitutional limitation relates solely to the creation of indebtedness thereafter, and neither authorizes repudiation, nor affects the making of terms for payment of existing legal liabilities. The funding of such liabilities, therefore, authorized by statute and vote, was unaffected by the limitation, and the fact alone that the issue of funding bonds thereupon exceeded that limit neither implies nor amounts to violation of the constitutional provision.' It necessarily follows that no additional indebtedness will be created by the refunding of the bonds and the funding of the floating indebtedness of the superseded park districts."

*Law* v. *People*, 87 Ill. 385, which plaintiff relies on, is not in point. In that case the debt was created at a time when the municipality had already exceeded its debt limitation and was, therefore, invalid from its inception. (*Kocsis* v. *Chicago Park District, supra.*) The same thing was true, in substance, in *Green* v. *Hutsonville Township High School District,* 356 Ill. 216.

Plaintiff lastly contends that the taxation provision which is an integral part of the ordinance violates section 1 of article 3 of the Cities and Villages act, (Ill. Rev. Stat. 1937, chap. 24, par. 123,) the material part of which reads: "Provided the aggregate amount of taxes so levied for any one year, exclusive of the amount levied for the payment of bonded indebtedness or interest thereon * * * shall not exceed the rate of two-thirds ($\frac{2}{3}$) of one per centum in cities and villages of less than 150,000 population, according to the last national or State census, upon the aggregate valuation of all property within such city or village subject to taxation therein," etc.

In the case before us the judgment debt has been replaced by bonded indebtedness. This new bonded indebtedness will come within the statutory exception to the limitation on the tax rate. The cases cited by plaintiff to sustain his position concerned judgment debts not evidenced by bonds and were decided prior to 1936 when the statutory amendment was adopted which permitted the funding of judgment debts by bond issues. It is our opinion that the judgment is a valid obligation of the village; that the issuance of judgment-funding bonds which is permitted by statute is not the creation of a new indebtedness within the constitutional limitation, and that the bonds when issued will be valid.

The decree of the circuit court is reversed and the cause is remanded, with directions to dismiss the complaint.

*Reversed and remanded, with directions.*