Margaret Neidhardt, Appellee, v. City of Wood River, Illinois, Appellant.

Term No. 46M11.

486

Opinion filed October 4, 1946. Released for publication November 12, 1946.

FRANCIS J. MANNING, of Wood River, for appellant.

FRED P. SCHUMAN, of Granite City, for appellee.

MR. JUSTICE BARTLEY delivered the opinion of the court.

This is an appeal from the judgment of the trial court of Madison county, entered on November 2, 1945, that a writ of mandamus issue, compelling the City of Wood River to issue bonds to pay a judgment recovered by petitioner, Margaret Neidhardt, against the city in the amount of $5,740.70.

The case was heard on the following stipulation of facts: Petitioner recovered a valid judgment for a tort on December 3, 1942, on the verdict of a jury for $5,000 and costs of suit against the respondent, City of Wood River, a municipal corporation; the judgment is a valid and subsisting judgment and is in full force and effect. Demand to pay the judgment has been filed and legally served on the respondent, but the same has never been paid. Respondent has never made any appropriation since the entering of the judgment nor made any tax levy to pay the same. The respondent has no funds, general or otherwise, from which the judgment could legally be paid; the respondent is in such financial condition that it barely has sufficient funds to pay for the necessary governmental operation; if it were caused to pay the judgment at this time, it would cripple the essential munic-

ipality services which respondent is required by law to perform for a number of years. The judgment is based on a tort action.

The only question presented to this court in this appeal, as stated in the briefs of both petitioner and respondent, is whether the trial court had the right by mandamus to compel respondent to issue bonds to pay the judgment previously entered against it.

The general rule regarding the issuance of a writ of mandamus is stated in the case of *People ex rel. Jones v. Webb,* 256 Ill. 364 at p. 373: "The writ of mandamus is a summary writ issuing from a court of competent jurisdiction, commanding the officer or body to whom it is addressed to perform some specific duty which the relator is entitled, of right, to have performed. It only issues when the party to whom it is directed is in default in the performance of some act which he has the power and authority to do. Mandamus does not create the duty or confer the power to perform it, but is designed to coerce action along the lines marked out by the law for the person against whom it is directed. It does not issue to compel action in matters about which the officer has a discretion as to whether he will act or not, but it may issue for the purpose of compelling action one way or the other in a matter in which the officer has a discretion as to which way he will act."

Petitioner here, has an undeniable right to the issuance of a writ of mandamus to enforce the payment of her judgment. It is stipulated that the judgment is a valid and subsisting judgment and is in full force and effect. Petitioner recovered the judgment in December of 1942, and the judgment ordering the writ of mandamus to issue was entered on November 2, 1945. During the time which intervened between the recovering of the judgment and the ordering of the writ of mandamus, demand to pay such

judgment was filed and legally served on the respondent by petitioner. No appropriation was made or tax levied by the respondent to pay the judgment. The claim has been reduced to final judgment and nothing remains to be done except to pay it.

■■ The representatives of respondent city are invested with the control of the finances of the city and have power to appropriate money for the payment of its debts and to levy and collect taxes for that purpose, and it is their duty to take the necessary steps to provide the requisite funds for the payment of the judgment of the petitioner. *People ex rel. Lyle v. City of Chicago,* 360 Ill. 25; *City of Cairo v. L. F. Campbell,* 116 Ill. 305; *City of Cairo v. Everett,* 107 Ill. 75; *City of Chicago v. O. B. Sansum,* 87 Ill. 182. Officials can have no higher duty than the payment of the honest debts of the municipality reduced to judgment, and it is not discretionary with them as to whether or not they shall do so. *People ex rel. Euziere v. Rice,* 356 Ill. 373; *People ex rel. John V. Farwell Co. v. Kelly,* 361 Ill. 54.

The facts as stipulated in this case, show that there are no funds, general or otherwise, from which respondent could legally pay the judgment of the petitioner. Respondent cannot pay this judgment without crippling the essential municipality services which it is required by law to perform, and petitioner has no way of collecting on her judgment unless bonds are issued by respondent to fund the judgment.

■ Respondent has the authority and power to issue bonds to fund the judgment of petitioner. Illinois Rev. Stat. 1941, ch. 24, par. 23–7 [Jones Ill. Stats. Ann. 21.1638] provides that one of the powers that the authorities of a municipality shall have is as follows: "To provide for the consolidation or refunding of maturing bonds and the funding of judgment debts and to issue bonds in place of maturing bonds or judgment debts." The statute permits the

funding of judgment debts by a municipality through issuing bonds. *Elmhurst Nat. Bank v. Village of Bellwood*, 372 Ill. 204. The purpose of the statute providing for the issuing of bonds to fund judgment debts is to take care of a situation of the kind in question here.

This case is quite similar to the case of *People ex rel. Charles DeLeuw & Co. v. Village of Midlothian*, 305 Ill. App. 626, except that the judgment in this case was based on a tort action, whereas, in the *De-Leuw* case, the judgment was based on an action on contract. The court in that case stated as follows: "In the instant case, defendant's verified answer stated that all revenues from the tax levy for general corporate purposes and from other sources have been and will be insufficient to pay the necessary, reasonable and most economical corporate expenditures, and the trial court, in passing upon plaintiff's (relator's) motion, had to assume that this statement was true, and he was justified, therefore, in commanding the Village to issue the bonds in question and to deliver them to plaintiff (relator) and to levy taxes for the payment of the bonds."

We believe that the lower court was correct in granting a writ of mandamus to issue directed to respondent, compelling the respondent through its city council and proper officers, to enact an ordinance for a bond issue of general obligation bonds sufficient to pay the judgment of petitioner, and to levy taxes to pay such bonds.

We have not considered whether funding bonds are subject to debt limit prohibition, because the question is not before the court. The record, the stipulation of facts, the assignment of errors, and the points assigned in support of the motion for new trial which respondent saw fit to file although the hearing was conducted without the intervention of a jury, contain no mention of the point. It is apparent that the trial

court was not given an opportunity to pass on this question. It is also the rule that the party who alleges that the constitutional limitation of a municipality's indebtedness is to be exceeded, has the burden of proving same. *Kocsis v. Chicago Park District*, 362 Ill. 24, 36; *Troutman v. City of Zeigler*, 327 Ill. 251; *Maffit v. City of Decatur*, 322 Ill. 82, 92; *Central Illinois Public Service Co. v. City of Taylorville*, 307 Ill. 311, 316.

We find no error in the record, and the order of the circuit court of Madison county is affirmed.

*Affirmed.*

CULBERTSON, P. J., and STONE, J., concur.