George Skaer, Plaintiff-Appellee, v. LeRoy Feurer, Commissioner of Highways of Prairie du Long Township, St. Clair County, Illinois, Defendant-Appellant.

Term No. 52–O–28.

Opinion filed January 30, 1953. Rehearing denied February 24, 1953. Released for publication March 4, 1953.

F. E. MERRILLS, of Belleville, for appellant.

JONES, OTTESEN & FLEMING, of Belleville, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This cause arises on appeal from an order issued by the circuit court of St. Clair county, directing LeRoy Feurer, Commissioner of Highways of Prairie du Long Township, of St. Clair county, Illinois, to make an appropriation and tax levy sufficient in amount to pay a judgment, interest, costs, and attorney's fee of appellee, George Skaer (hereinafter called plaintiff). From such order and Writ of Mandamus issued by the circuit court, the defendant has taken an appeal and contends that the order granting the Writ of Mandamus was improper in failing to find that the court had no jurisdiction to issue a Writ of Mandamus.

The facts giving rise to the proceeding under consideration show that plaintiff was injured while employed by the defendant Commissioner of Highways, and subsequently filed an application for compensation before the Industrial Commission of the State of Illinois. It was shown that plaintiff was one of a group of farmers who had volunteered to donate services in pulling out trees and stumps, and that while the work

was in progress and a tractor was pulling away trees and stumps, the plaintiff had caught his finger in a cable under which he had placed his hands to raise it. When the cable tightened he was seriously injured. Notice of hearing on the application for compensation was forwarded to the Town Clerk for the Highway Commissioner, at Freeburg, Illinois. A hearing was had before the Arbitrator of the Industrial Commission, and on November 17, 1947, a decision of the Arbitrator was entered advising that defendant was operating under the provisions of the Workmen's Compensation Act, and that plaintiff had sustained injuries arising out of and in the course of his employment. A notice of such decision was likewise sent to the township, in care of the Town Clerk. No petition for review was filed by defendant with the Industrial Commission.

On March 16, 1950, plaintiff filed a suit in the circuit court of St. Clair county under the provisions of paragraph 138.19, subparagraph ''G,'' of chapter 48, 1951 Illinois Revised Statutes [Jones Ill. Stats. Ann. 143.82, subpar. (g)]. Notice of the application for such judgment was duly served upon defendant Commissioner of Highways by registered mail. Defendant filed an answer and an affirmative defense to the petition for judgment in the circuit court of St. Clair county, admitting certain paragraphs of the complaint, and did not in said answer question or raise the point that either the Industrial Commission or the circuit court did not have jurisdiction of the parties. Hearing was had on the petition for judgment and the circuit court entered judgment in favor of the plaintiff in the sum of $1,766.53, plus costs, and $350 attorney's fees. No appeal was taken from such order of the circuit court awarding judgment on May 5, 1950, and the judgment has not been vacated or set aside and is still unsatisfied.

On July 22, 1950, a demand was served upon defendant and all other officers of the Prairie du Long township for payment of the amount of the judgment and costs, and demanding that in the event funds were not available for payment of this judgment that a tax be duly levied and funds duly appropriated for payment thereof. The demand was ignored and on December 4, 1951 plaintiff filed a complaint in mandamus in the circuit court, reciting the facts and requesting that a Writ of Mandamus be issued commanding the defendant to make his appropriation and levy a tax to pay the judgment. The defendant filed an answer in such mandamus proceeding, admitting all the material allegations, but denying that plaintiff was entitled to the Writ of Mandamus, for the reason that neither the Arbitrator nor the Commission had any jurisdiction over the defendant.

This was the first time that a defense of no jurisdiction by the Arbitrator or the Industrial Commission was raised by defendant. The reply asserted that the question of jurisdiction had already been determined and adjudicated in the circuit court in the direct proceeding for judgment as against the Commissioner of Highways as herein set forth. A hearing was thereafter had on the complaint for mandamus and as indicated herein, the court, on June 7, 1952, entered an order directing the Highway Commissioner to make an appropriation and a tax levy in an amount sufficient to pay the judgment, interest, and attorney's fees.

 A judgment of a circuit court, under paragraph 138.19 (g), chapter 48, of 1951 Illinois Revised Statutes, is conclusive upon the expiration of thirty days from the date of its rendition. The judgment was entered on May 4, 1950, and no motion to set aside the judgment was ever filed, and no appeal was ever taken therefrom (1951 Illinois Revised Statutes, chapter 77, paragraph 82 [Jones Ill. Stats. Ann. 104.099]). It is

the well-established principle of law that after thirty days from the entry of judgment in the circuit court the court has no jurisdiction to set aside such order in absence of fraud or an express showing of lack of jurisdiction of the parties or the subject matter (*Anderson v. Anderson,* 380 Ill. 435). The sole contention made in instant case seems to be that the circuit court did not have jurisdiction of the defendant in the original administrative proceeding because the Industrial Commission had forwarded the original notice to the clerk of the township, who was defendant's clerk according to statute, rather than to the Highway Commissioner himself. We do not believe that such issue can properly be raised at this time.

■■■ The methods of review of the decisions of the Industrial Commission provided by the Compensation Act are exclusive and the circuit court, on application for judgment upon an award, cannot inquire into the legality of the Board's action (*Gerish v. Feldman,* 381 Ill. 635). The defendant could have raised questions of jurisdiction at the time of the application for judgment, if he so desired. He did not see fit to do so and now attempts to raise the question in a mandamus proceeding, long after the entry of judgment by the circuit court. Such questions have been determined and adjudicated by decree of the circuit court, and not having been raised in the original proceeding, cannot be raised in the mandamus proceeding, under the facts and circumstances in the case.

■■■ Another problem which is raised on appeal is the question of whether or not the issuance of a Writ of Mandamus by the circuit court in a case of the kind before us is proper. The Supreme Court of this State has already determined that where a Commissioner of Highways refuses to pay a judgment ordered against him as Highway Commissioner by the circuit court, mandamus is a proper remedy to order the levy of a

tax for payment of such judgment (*People ex rel. Euziere v. Rice*, 346 Ill. 131, and 356 Ill. 373; *Neidhordt v. City of Wood River*, 329 Ill. App. 485).

The action of the circuit court in ordering the Writ of Mandamus in the instant case was therefore proper and should be affirmed.

*Judgment affirmed.*

BARDENS, P. J. and SCHEINEMAN, J., concur.