People of State of Illinois ex rel. First National Bank
of Stevens Point, Wisconsin, Appellee, v. Village of
Stickney et al., Appellants.

Gen. No. 46,062.

Opinion filed December 30, 1953. Rehearing denied January 20, 1954. Released for publication February 3, 1954.

JOSEPH LUSTFIELD, of Chicago, for appellants.

CHARLES J. MICHAL, and DONOVAN, SULLIVAN, JEFFERS & BREEN, all of Chicago, for appellee.

MR. JUSTICE LEWE delivered the opinion of the court.

Defendants appeal from an order directing that a writ of mandamus be issued commanding adoption of an ordinance providing for issuance of interest-bearing funding bonds by the Village of Stickney in an amount sufficient to pay the judgment entered against the Village in favor of the relator hereinafter referred to as "the Bank," and that the bonds so issued in accordance with the Village ordinance either be delivered to the Bank in satisfaction of its judgment or that the

bonds be sold and the proceeds thereof be applied to the payment of the judgment indebtedness.

July 13, 1944 a judgment was entered in the superior court of Cook county against the Village of Stickney and in favor of the Bank for the sum of $51,077.13. That cause was appealed to this court where the judgment was affirmed. (*First National Bank of Stevens Point, Wisconsin v. Village of Stickney*, 335 Ill. App. 596.) The petition alleges in substance that the judgment against the Village is based on the tortious acts of defendants in wrongfully and deliberately withholding and diverting moneys received by the Village as trustee and due the Bank as the owner of certain special assessment bonds; that the Village is charged with the mandatory duty to fund the Bank's judgment under the provisions of chapter 24, section 23—7, Vol. 1, State Bar Edition, Ill. Rev. Stats. 1951 [Jones Ill. Stats. Ann. 21.1638], which reads: "To provide for the consolidation or refunding of maturing bonds and the funding of judgment debts, and to issue bonds in place of maturing bonds or judgment debts."

The evidence discloses that for each year from 1949 to 1951, inclusive, the amount of money appropriated and required by the Village for corporate purposes far exceeded the money that could be obtained from the collection of taxes by extending the maximum rate against the assessment valuation of property within the confines of the Village. For example, in 1951 the Village levied the sum of $43,570.50. By extension of the legal rate for that year the maximum the Village could receive from tax collections was about $20,000. During the entire period from the entry of the judgment in favor of the Bank until the filing of the instant proceeding the Village has been in straitened circumstances and did not have any funds left on hand which could be applied to the Bank's judgment.

179

The judgment order finds among other things that the Village as trustee negligently and wrongfully collected moneys held by it applicable to special assessment bonds owned by the Bank; that the Village has no funds on hand to pay the Bank's judgment; that the only available means of payment is by the issuance of judgment funding bonds; and that the Bank has offered to accept general obligation funding bonds.

Defendants say that the petition filed by the Bank shows that the Bank in its written demand upon the Village before these proceedings were filed requested the issuance of general obligation bonds for the purpose of paying the judgment indebtedness and that the prayer of the petition also asks for the issuance of general obligation bonds.

Defendants contend that there is a distinction between general obligation bonds and funding bonds, and attempt to justify their refusal to issue general obligation bonds on the ground that such bonds would exceed the statutory limitation on the obligations of the Village. We think this contention is without merit. From a reading of the allegations of the amended petition there can be no doubt that the sole purpose of the present proceeding is the funding of a judgment debt against the Village in accordance with chapter 24, section 23—7, Ill. Rev. Stats., State Bar Asso. Ed., Vol. 1, 1951 [Jones Ill. Stats. Ann. 21.1638]. Moreover, averment and proof of the demand upon the Village was unnecessary for the reason that the undisputed evidence shows that the Village could not comply with the demand. See *People v. McKibbin*, 380 Ill. 63. In our view under the pleadings and proof the order for the issuance of funding bonds was proper.

Officials can have no higher duty than the payment of honest debts of municipalities reduced to judgment and it is not discretional with them as to whether or not they shall do so. (*Neidhardt v. City of Wood*

*River*, 329 Ill. App. 485.) To the same effect see *People v. Rice*, 356 Ill. 373.

■ ■ Defendants insist that the court erred in finding that the judgment indebtedness against the Village is "based on a tort claim." In our former opinion, 335 Ill. App. 596, at page 612 we stated that the Bank's claim is predicated on the wrongful withholding from payment of special assessment funds collected by the Village acting as trustee on bonds owned by the Bank. This is unquestionably a tortious act (*Hayes v. Massachusetts Life Ins. Co.*, 125 Ill. 626), and the trial court was warranted in so finding. Even so we do not regard this finding as material.

■ The order further provides that defendants may sell funding bonds in the open market in order to produce sufficient funds to pay the Bank's judgment, or deliver the bonds to the Bank in satisfaction of its claim. In the recent case of *Brenner v. Village of Phoenix*, 347 Ill. App. 177, we sustained a similar provision of an order providing for compliance with a writ of mandamus in either of two ways.

For the reasons given, the judgment order is affirmed.

*Judgment order affirmed.*

Feinberg, P. J. and Kiley, J., concur.