**GARY MUNICIPAL AIRPORT AUTHORITY DISTRICT, et al., Appellants (Defendants Below),**

v.

**STATE of Indiana, on the relation of AIR CONTINENTAL FLYING ASSOCIATION, Appellee (Plaintiff Below).**

**No. 3–1085A266.**

Court of Appeals of Indiana, Third District.

Feb. 13, 1986.

Rehearing Denied March 31, 1986.

Douglas M. Grimes, Gary, for appellants.

Terrance L. Smith, Murphy, McAtee, Murphy & Constanza, East Chicago, for appellee.

HOFFMAN, Judge.

Defendants-appellants Gary Municipal Airport Authority District et al. (Airport) [1] appeal a court order mandating the payment of a judgment obtained by plaintiff-appellee Air Continental Flying Association (Air Continental).

The evidence pertinent to this appeal discloses that on August 2, 1983, Air Continental obtained a judgment against the Airport in the sum of $1,500,000.00 in the Newton Circuit Court. The Airport appealed the judgment, which was affirmed in a memorandum decision by this Court. In February 1985, the Indiana Supreme Court denied the Airport's petition to transfer. In May 1985, Air Continental moved for proceedings supplemental in Newton Circuit Court and filed a complaint for mandate in the Lake Superior Court in an attempt to enforce the judgment. The action for mandate was venued to the Jasper Superior Court upon a motion by one of the defendants.[2]

After an expedited hearing, held June 10, 1985, the Jasper Superior Court ordered the parties to submit findings of fact and conclusions of law. On July 23, 1985, the court ordered the Airport to either issue general obligation bonds or levy and collect by taxation, the funds necessary to satisfy Air Continental's judgment, including interest and costs.

The Airport presents several issues for review. As restated and consolidated, the issue dispositive of the case is: whether the Jasper Superior Court exceeded its authority by mandating the Airport, a municipal corporation, to either issue general obligation bonds or to levy and collect taxes to satisfy Air Continental's judgment.

---

1. The original judgment was obtained against the Airport only. However, several defendants, including the City of Gary, its mayor, and the city council members, are named as defendants in the complaint for mandate due to their role in controlling the Airport's budget.

2. In its brief, the Airport predicates error on an alleged lack of subject-matter jurisdiction by the Jasper Superior Court. The Airport also claims in its brief, that it did not move for a change of venue, but that the motion was made by one of the other defendants. The record does not reveal which party moved for the change of venue, thus hampering review of this issue. Notwithstanding the flaws in the record, the statutory provision for a complaint for mandate allows an action in superior courts of this state. IND. CODE § 34-1-58-1.

While an action for mandamus is an extraordinary remedy, such an action will lie to force the performance of a clear legal duty or to grant an unquestioned right to relief. *State ex rel. Drost v. Newton Sup. Ct.* (1981), 275 Ind. 297, 301, 416 N.E.2d 1247, 1250. An action for mandate cannot create a duty or confer power to perform an act, instead it is appropriate to coerce action which is not discretionary in nature. *See, State ex rel. Ind. Bd. of Fin. v. Marion Co. Sup. Ct.* (1979), 272 Ind. 47, 50, 396 N.E.2d 340, 343.

The Jasper Superior Court based its authority to issue the mandate upon IND. CODE § 34-4-16.4-1 which provides for an action for mandate against a city or county to procure payment of a judgment. The Airport contends that it is not a city or county and thus is beyond the scope of IND. CODE § 34-4-16.4-1, unless the legislature deems otherwise.

Although no Indiana case addressing this precise issue could be found, Indiana Law Encyclopedia states "[m]andate usually is regarded as a proper remedy to enforce a judgment against a municipal or public corporation." 19 I.L.E. § 48 (1959). IND. CODE § 36-1-2-10 defines an airport authority as a municipal corporation, and allows airports to sue and be sued in their own names. Further, airport authorities are created and to some extent controlled by cities, towns and counties. IND. CODE §§ 8-22-3-1 through 8-22-3-35. Consequently, the Airport's argument would allow cities and counties, normally subject to mandate, to insulate themselves from the payment of claims by establishing various municipal corporations; constituting a form of governmental immunity which has been rejected in Indiana. *See, Campbell; Knotts v. State* (1972), 259 Ind. 55, 284 N.E.2d 733; *Brinkman v. City of Indpls. et al.* (1967), 141 Ind.App. 662, 231 N.E.2d 169.

As further support for the court's action, IND. CODE § 34-1-58-2 states that:

"The action for mandate may be prosecuted against any inferior tribunal, corporation, public or corporate officer or person to compel the performance of any act which the law specifically enjoins, or any duty resulting from any office, trust or station."

The Airport argues that its authority to issue bonds [3] and its taxing powers [4] are discretionary functions and as such were not amenable to mandate. The court's mandate was directed to the Airport's duty to pay the judgment, not the manner in which it was paid. *See, Neidhardt v. City of Wood River* (1946), 329 Ill.App. 485, 69 N.E.2d 345.

The trial court's judgment is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.